UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS ELMER WATERHOUSE,<br><br>                              Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                              Defendant. | NO:  CV-12-175-FVS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND REMANDING |

Before the Court are cross-motions for summary judgment, ECF Nos. 17, 22.  The Court has reviewed the motions, the memoranda in support, and the administrative record.

### JURISDICTION

Plaintiff Travis Waterhouse filed an application for Supplemental Security Income ("SSI") on June 26, 2007.  (Tr. 18.)  Plaintiff alleged an onset date of May 1, 2007.  (Tr. 18.)  The onset date was later amended to the date of filing.  (Tr. 38.)  Benefits were denied initially and on reconsideration.  On September 10, 2008,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 1

Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 90.)  A hearing was held before ALJ R.J. Payne on August 3, 2010.  (Tr. 36-55.)    At that hearing, testimony was taken from medical experts Arthur Lorber, M.D.; and Margaret Moore, Ph. D.  (Tr. 36.)  A second hearing was held on December 2, 2010.  (Tr. 56-79.)  At that hearing, testimony was taken from Mr. Waterhouse and his wife, Therese Waterhouse.  Plaintiff was represented by attorney Jeffrey Schwab.  (Tr. 36, 56.)  On December 23, 2010, ALJ Payne issued a decision finding Plaintiff not disabled.  (Tr. 25-33.)  The Appeals Council denied review.  (Tr. 1-3.)  This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here.  The Plaintiff was thirty-six years old when he applied for benefits and was forty years old when ALJ Payne issued his decision.  The Plaintiff currently is unemployed and lives at home with his wife and young child.  The Plaintiff describes myriad conditions that keep him from finding employment, including back and shoulder pain, depression, and arthritis.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 2

Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

 It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 3

rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 4

medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §  416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 5

prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 6

At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has never engaged in substantial gainful activity.  (Tr. 20.)  At step two, the ALJ found that Plaintiff had the severe impairments of: (1) a history of myocardial infarction with stent replacement; (2) mild degeneration of the lumbar spine with no evidence of radiculopathy; and (3) an avoidant personality disorder.  (Tr. 20.)  The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 23.)  The ALJ found that the claimant could perform medium work, subject to non-exertional limitations based on his personality condition.  (Tr. 23.)  Given the ALJ's finding that the Plaintiff had no prior history of substantial gainful activity, the ALJ found that claimant could not perform any relevant past work.  (Tr. 24.)  At step five, the ALJ, consulting the grids, found that the Plaintiff could perform medium work and found that his non-exertional limitations did not significantly erode the occupational base.  (Tr. 25.)  Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 25.)

## ISSUES

The question before the Court is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Mr. Waterhouse argues that the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 7

erred by improperly discounting the opinions of Mr. Waterhouse's medical providers.

## DISCUSSION

In assessing the RFC, an adjudicator must consider all medical evidence provided. 20 C.F.R. §§ 404.1545, 416.945. The Plaintiff argues that the ALJ erred by relying on the testimony of Dr. Lorber. The Plaintiff asserts that there was no reason to choose Dr. Lorber's testimony that Mr. Waterhouse could perform medium work over the opinion of Dr. Howard Platter, M.D., (Tr. 442-49), that Mr. Waterhouse was limited to light work, given that both doctors were non-examining physicians who reviewed the same medical records. A review of ALJ Payne's decision provides no insight into why ALJ Payne chose Dr. Lorber's conclusion over Dr. Platter. In fact, the ALJ's opinion does not reference Dr. Platter or his opinion at all.

An ALJ must consider the opinions of non-examining medical sources. 20 C.F.R. § 404.1527(e)(2)(i). An ALJ must explain the weight given to such an opinion. § 404.1527(e)(2)(ii). While the transcript makes clear that ALJ Payne was aware of Dr. Platter's opinion, (Tr. 52-53), the record nowhere evidences a basis for according Dr. Platter's opinion less weight than the opinion of Dr. Lorber. Accordingly, the record before the Court is insufficient to determine whether ALJ Payne's decision is supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 8

The Court cannot say that ALJ Payne's failure to address Dr. Platter's conclusions were harmless. ALJ Payne accepted the testimony and opinion of Dr. Moore, who testified before the ALJ. Dr. Moore determined that the Plaintiff suffered limitations based on a personality disorder. (Tr. 578-80.) ALJ Payne's RFC incorporated those limitations. (Tr. 23.) At step five, ALJ Payne consulted the grids to determine whether the Plaintiff could perform jobs that exist in significant numbers. (Tr. 25.) The ALJ concluded without elaboration that the non-exertional limitations identified by Dr. Moore would have "little or no effect on the overall occupational base of unskilled medium work." (Tr. 25.) The Court is not aware of the basis for the ALJ's conclusion that the occupational base would remain intact. Even absent the ALJ's failure to address the opinion of Dr. Platter, this Court would find it difficult to hold that the Defendant met its step-five burden on this record, and if the Court were to credit Dr. Platter's opinion that the Plaintiff was limited to light work, the Court would similarly be unable to find that the Defendant met its burden to establish that the Plaintiff could perform jobs that exist in significant numbers. As a result, the Court will remand this action for further proceedings.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 17, is

   GRANTED.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 9

2. The Defendant's motion for summary judgment, ECF No. 22, is
   DENIED.

3. This matter is REMANDED to the ALJ.  On Remand, the ALJ shall hold
   a new hearing and take testimony from a vocational expert.  The ALJ
   shall issue a new opinion that more thoroughly addresses the medical
   evidence in the record.

4. JUDGMENT shall be entered for the Plaintiff.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to
provide copies to counsel, and to close this file.

**DATED** this 7th of October 2013.


       _s/ Fred Van Sickle_
       Fred Van Sickle
      Senior United States District Judge